IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JERRY WHISENHUNT,** *et al.*, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| vs. ) | Civil Action No. 1:23-00443-KD-B |
| ) | |
| **AMERACAT, INC.,** *et al.*, ) | |
| ) | |
| ) | |
|     **Defendants.** ) | |

# ORDER

This matter is before the Court on Defendant Ameracat, Inc.'s ("Ameracat") Motion to Strike Plaintiffs' Amended Complaint. (Doc. 27). Upon consideration and for the reasons discussed herein, Ameracat's Motion, (Doc. 27), is **DENIED**.

Per Rule 15(a)(1),

> (a) AMENDMENTS BEFORE TRIAL.
>
> > (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
> >
> > > (A) 21 days after serving it, or
> > >
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

Here, Defendant Markel American Insurance Company ("Markel") filed its Answer on January 16, 2024, (Doc. 10), and its Amended Answer on February 6, 2024, (Doc. 20). Thus, Markel properly filed its Amended Answer no later than 21 days after serving its Answer, thereby satisfying Rule 15(a)(1)(A). See Fed. R. Civ. P. 6(a). On the other hand, Plaintiffs filed

the Amended Complaint February 23, 2024, (Doc. 26), within 21 days of service of the Amended Answer but not within 21 days of service of the Answer. Therefore, Plaintiffs' Amended Complaint was properly filed as of right if and only if Plaintiffs' right to amend its pleading without leave of court was revived upon Markel filing the Amended Answer.

The Court finds persuasive authority that has held that a plaintiff's right to file an amended complaint without leave of court may be "revived" when the defendant amends its answer. Chartwell Therapeutics Licensing LLC v. Citron Pharma LLC, No. 16-CV-3181, 2019 WL 12518711, at *2-3 (E.D.N.Y. Nov. 20, 2019); Neibert v. Comp. Scs. Corp., No. 1:12-CV-02277, 2013 WL 12204332, at *2 (N.D. Ga. Mar. 20, 2013); 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1483 (3d ed. 2019) ("Although Rule 15(a) limits a pleader to one amendment without leave of court within specified time periods, the right may be 'revived' when another party amends a pleading."); but see Smith v. Acting Sec'y, U.S. Dep't of Homeland Sec., No. 6:17-CV-2062, 2019 WL 13274388, at *2 (M.D. Fla. June 10, 2019). It is undisputed that the complaint is a pleading to which a responsive pleading – the answer – is required. Chartwell Therapeutics, 2019 WL 12518711, at *2. Markel's Amended Answer superseded its Answer, effectively withdrawing it from the pleadings. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."). It follows here that Plaintiffs properly amended the Complaint within 21 days of service of the operative Amended Answer. See Chartwell Therapeutics, 2019 WL 12518711, at *2 ("[P]laintiff was authorized under Rule 15(a)(1) to file an amended complaint in response to the newly filed answer and new counterclaim against Chartwell even in the absence of a motion to amend.").

Accordingly, Ameracat's Motion to Strike Amended Complaint, (Doc. 27), is **DENIED**.

**DONE** and **ORDERED** this 12th day of March 2024.

                                        **s / Kristi K. DuBose**
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**